**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

APRIL ESCOVER,                          )    NO. ED CV 06-450-E
                                        )
                    Plaintiff,          )
                                        )
         v.                             )    MEMORANDUM OPINION
                                        )
JO ANNE B. BARNHART, COMMISSIONER       )
OF SOCIAL SECURITY ADMINISTRATION,      )
                                        )
                    Defendant.          )
_____ )


**PROCEEDINGS**


         Plaintiff filed a complaint on May 9, 2006, seeking review of
the Commissioner's denial of benefits.  The parties filed a consent
to proceed before a United States Magistrate Judge on May 31, 2006.


         Plaintiff filed a motion for summary judgment on October 16,
2006.  Defendant filed a motion for summary judgment on November 16,
2006.  The Court has taken both motions under submission without oral
argument.  See L.R. 7-15; "Order," filed May 12, 2006.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former bartender, asserted disability based primarily on alleged pain, including allegedly disabling headaches (Administrative Record ("A.R.") 104, 113, 115, 156, 159, 164, 354-56, 376, 383-84).  The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff and from a vocational expert (A.R. 10-394).

The ALJ found Plaintiff has non-disabling bursitis and non-disabling disorders of the spine (A.R. 15-19).  In denying benefits, the ALJ determined that Plaintiff's "statements concerning the intensity, duration and limiting effects of [her] symptoms are not entirely credible" (A.R. 16).  The Appeals Council denied review (A.R. 5-7).

**SUMMARY OF PLAINTIFF'S CONTENTIONS**

Plaintiff contends the ALJ committed two errors: (1) "The ALJ failed to make proper credibility findings"; and (2) "The ALJ failed to properly consider the opinion of disability made by the treating physician."  (Plaintiff's Motion at 2, 5.)

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the

1  Administration used proper legal standards.  See Swanson v. Secretary
2  of Health and Human Serv., 763 F.2d 1061, 1064 (9th Cir. 1985).
3  Substantial evidence is "such relevant evidence as a reasonable mind
4  might accept as adequate to support a conclusion." Richardson v.
5  Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted).
6
7      This Court "may not affirm [the Administration's] decision
8  simply by isolating a specific quantum of supporting evidence, but
9  must also consider evidence that detracts from [the Administration's]
10  conclusion." Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987)
11  (citation and quotations omitted).  However, the Court cannot disturb
12  findings supported by substantial evidence, even though there may
13  exist other evidence supporting Plaintiff's claim.  See Torske v.
14  Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, 417 U.S.
15  933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).
16
17                              **DISCUSSION**
18
19      After consideration of the record as a whole, Defendant's
20  motion is granted and Plaintiff's motion is denied.  The
21  Administration's findings are supported by substantial evidence and
22  are free from material[1] legal error.
23  ///
24  ///
25  ///
26  _____
27      [1]   The  harmless  error  rule  applies  to  review  of
28  Administrative decisions regarding disability.  See Curry v.
    Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1991).

3

1    I.      **The ALJ Properly Rejected Plaintiff's Credibility.**

2

3         Plaintiff argues that the ALJ failed to state sufficient

4    reasons for finding Plaintiff's testimony not credible.  Plaintiff

5    has not demonstrated material error.

6

7         Plaintiff asserted subjective symptomatology of allegedly

8    disabling severity (A.R. 376-87).  In particular, Plaintiff

9    represented to the Administration, in her testimony and elsewhere,

10   that she suffers from frequent, "unbearable" headaches that make her

11   face go numb, destroy her concentration, force her to throw up, and

12   make her feel like her head is going to explode and her eyes are

13   going to pop out (A.R. 113, 115, 156, 159, 164, 376-84).  In finding

14   not entirely credible these and other representations regarding

15   Plaintiff's subjective symptomatology, the ALJ stated, _inter alia_,

16   that there was no evidence of an impairment that would produce the

17   headache pain described (A.R. 18).

18

19        An ALJ's assessment of claimant credibility is entitled to

20   "great weight."  Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir.

21   1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986).  An ALJ

22   properly may disregard subjective complaints in the absence of proof

23   of a medical impairment "which could reasonably be expected to

24   produce the pain or other symptoms alleged."  See 42 U.S.C. §

25   423(d)(5)(A).  Therefore, the ALJ properly could disregard those of

26   Plaintiff's subjective complaints, including Plaintiff's alleged

27   headaches, that lacked any demonstrated medical basis.  Id.; see

28   Konrad v. Sullivan, 1992 WL 442801 *3 (N.D. Cal. August 27, 1992);

see also Fair v. Bowen, 885 F.2d 597, 601 n.1 (9th Cir. 1989) ("This
is a threshold requirement that cannot be overlooked"); accord Cotton
v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986).


        To the extent Plaintiff arguably demonstrated a medical
impairment which reasonably could be expected to produce some degree
of symptomatology,[2] the ALJ's discounting of Plaintiff's related
subjective complaints "must be supported by specific findings."
Varney v. Secretary, 846 F.2d 581, 584 (9th Cir. 1988) (citations
omitted).  In the present case, the ALJ made the requisite findings,
supported by substantial evidence in the record.[3]  The ALJ's specific
findings included the finding that the objective medical evidence did
not support Plaintiff's allegations of disabling symptomatology and
the finding that Plaintiff did not seek medical treatment as
persistently as one reasonably would expect from a person truly
experiencing the degree of pain alleged (A.R. 18).  As to the first
finding, although "excess pain" testimony "cannot be rejected on the
sole ground that it is not fully corroborated by objective medical
evidence, the medical evidence is still a relevant factor . . ."
Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001).  As to the
second finding, "[c]lear and convincing reasons for discrediting a
claimant's testimony include . . . failure to seek treatment . . ."
Fagundes v. Commissioner, 2001 WL 34043749 *4 (D. Or. Sept. 10,

---

        [2]    The ALJ found that Plaintiff had demonstrated medical
impairments that could reasonably be expected to produce some
symptoms (A.R. 16).

        [3]    This Court reaches the same conclusion regardless of
whether the Court applies a "clear and convincing" standard or some
less exacting standard with respect to the ALJ's specific findings.

2001); <u>accord</u> <u>Bunnel v. Sullivan</u>, 947 F.2d 341, 346 (9th Cir. 1991);

<u>Fair v. Bowen</u>, 885 F.2d 597, 603-04 (9th Cir. 1989); <u>see also</u> <u>Chavez</u>

<u>v. Department of Health and Human Services</u>, 103 F.3d 849, 853 (9th

Cir. 1996) (failure to seek "further treatment" for back injury among

specific findings justifying rejection of claimant's excess pain

testimony); <u>Brawner v. Secretary</u>, 839 F.2d 432, 433 (9th Cir. 1987)

(misrepresentations made by claimant in the course of pursuing

disability benefits justifies rejection of claimant's credibility);

<u>Jones v. Apfel</u>, 2000 WL 1456907 (D. Or. Sept. 11, 2000) (infrequency

of medical treatment justified the discounting of the claimant's pain

testimony); <u>Madrigal v. Sullivan</u>, 777 F. Supp. 1503, 1507 (N.D. Cal.

1991) (claimant's complaints of excess pain properly disregarded

where complaints found to be exaggerated); <u>Sweigart v. Heckler</u>, 1985

U.S. Dist. Lexis 21357 (E.D. Pa. March 27, 1985) (exaggerated

testimony aimed at securing disability benefits equated with

"malingering").

**II.    The ALJ Did Not Commit Material Error in Connection with the Opinion of "the Treating Physician."**

The record contains a one-page medical report, the nature of which the parties dispute (A.R. 274).  Plaintiff alleges, and Defendant denies, that one of Plaintiff's treating physicians authored this report.  The Court need not determine the identity of the report's author, however.  Assuming, <u>arguendo</u>, that a treating physician authored this report, and further assuming, <u>arguendo</u>, that the ALJ failed to give sufficient consideration to the report, any such error was harmless.  The report reflects a "good prognosis" and

opines only that Plaintiff was "temporary" disabled between March 26, 2002 and July 15, 2002 (A.R. 274).  As such, even the full crediting of this report could not have altered the ALJ's decision.  <u>See</u> <u>Barnhart v. Walton</u>, 535 U.S. 212 (2002) (successful disability claimant's inability to engage in substantial gainful activity must last, or be expected to last, for at least twelve months).

**CONCLUSION**

For all of the reasons discussed herein, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 22, 2006.


_____/S/_____
                CHARLES F. EICK
        UNITED STATES MAGISTRATE JUDGE